Lewis Roca Rothgerber Christie LLP
201 East Washington Street, Suite 1200
Phoenix, AZ 85004

**David A. Jackson** (State Bar No. 030057)
Direct Dial: 602.262.0807
Direct Fax: 602.734.3814
Email: DJackson@lewisroca.com

Arnall Golden Gregory LLP
171 17th St. NW, Suite 2100
Atlanta, GA 30363

**Scott E. Taylor**, Pro Hac Vice Application Forthcoming
**J. Tucker Barr**, Pro Hac Vice Application Forthcoming
**Becki C. Lee**, Pro Hac Vice Application Forthcoming
Telephone: 404.873.8500
Facsimile: 404.873.8501

*Attorneys for Plaintiff Critter Control, Inc.*

UNITED STATES DISTRICT COURT DISTRICT OF ARIZONA

IN AND FOR THE COUNTY OF YAVAPAI

| | |
|---|---|
| Critter Control, Inc., | Case No.: |
| Plaintiff, | |
| v. | **COMPLAINT** |
| Cowboy Critter Control, LLC, | |
| Defendant. | |

COMES NOW Plaintiff Critter Control, Inc. ("Plaintiff") and respectfully submits this, its Complaint against Defendant Cowboy Critter Control, LLC ("Defendant"), stating as follows:

**NATURE OF THE ACTION**

1. This is an action for federal and common law trademark infringement, false designation of origin, unfair competition, and related state law claims, arising from Defendant's infringement of Plaintiff's registered trademark.

2. Defendant's use of a confusingly similar trademark to identify the same and related services as those provided by Plaintiff, which are marketed and sold to the same classes of customers in the same markets and trade channels using similar methods of sale and promotion, has confused and is likely to continue to confuse, deceive, and mislead the

114317907.1

public as to the source and origin of Plaintiff's and Defendant's services, or as to the sponsorship or approval of Defendant's services by Plaintiff.

## JURISDICTION AND VENUE

3.  This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. §§ 1121 and 1125, and 28 U.S.C. §§ 1331 and 1338(a)-(b). This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

4.  Defendant is a resident of and transacts business within the State of Arizona. Defendant offers and performs infringing services in this judicial District. Defendant has established contacts with the State of Arizona sufficient for this Court to exercise personal jurisdiction.

5.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)-(c) because Defendant performs, offers for sale, and sells within this judicial District infringing services that are the subject of this action, and a substantial part of the events giving rise to the claims arising in this District.

## PARTIES

6.  Plaintiff is a corporation organized under the laws of the State of Michigan, with its principal place of business at 9435 E. Cherry Bend Road N., Traverse City, Michigan 49684.

7.  Upon information and belief, Defendant is an Arizona limited liability company with a principal place of business at 6487 S. Country Rd., Mayer, Arizona 86333.

## FACTS COMMON TO ALL COUNTS

8.  Plaintiff is a wildlife removal franchise providing commercial and residential wildlife and pest control services ("Plaintiff's Services"). Plaintiff was founded in 1983 and now operates more than 100 locations in the United States.

9.  Plaintiff offers Plaintiff's Services using the trademark CRITTER CONTROL and related design marks ("CRITTER CONTROL Marks").

10.  Plaintiff began using the trademark CRITTER CONTROL in standard characters in commerce in the United States at least as early as 1983.

11. Plaintiff has invested substantial effort and money in the continuous use and promotion of its CRITTER CONTROL Marks. As a result, the CRITTER CONTROL Marks are some of Plaintiff's most valuable assets and represent a substantial amount of goodwill.

12. In addition to its common law rights, Plaintiff owns federal registrations for the CRITTER CONTROL Marks, including but not limited to the following:

    a. CRITTER CONTROL, U.S. Reg. No. 1,503,278, for "wild animal and rodent removal services," granted September 6, 1988. This registration subsists on the Principal Register and is incontestable.

    b. CRITTER CONTROL and Design, U.S. Reg. No. 4,462,748, for "Animal and pest control, namely wildlife, rodent, and animal trapping services," granted January 7, 2014. This registration subsists on the Principal Register and is incontestable.

Copies of these registrations are attached as Exhibit A.

13. Among Plaintiff's franchisees are three CRITTER CONTROL-branded locations in Arizona, including a franchisee that services Yavapai County.

14. Defendant operates a wildlife and pest removal business using the name COWBOY CRITTER CONTROL ("Infringing Mark") in Mayer, Arizona.

15. Defendant advertises wildlife and pest removal services in connection with the Infringing Mark through social media and other online outlets, including but not limited to Facebook.com.

16. Defendant maintains an active pest control license bearing the Infringing Mark.

17. Upon information and belief, Defendant's owner or its personnel operate a vehicle bearing the Infringing Mark.

18. One of Plaintiff's franchisees regularly receives phone calls from dissatisfied consumers who believe that Defendant is affiliated with Plaintiff.

19. One of Plaintiff's agents also was approached by one of Defendant's angry customers in a public place. Such a public display of dissatisfaction is a direct threat to Plaintiff's reputation and sales of its services.

20. Shortly after learning of Defendant's infringing activities, Plaintiff began attempting to contact Defendant to resolve the trademark dispute amicably. To this date, Plaintiff has not received any response from Defendant.

21. Upon information and belief, Defendant's continued use of the Infringing Mark is intentional, willful, and knowing, and is an attempt to trade on Plaintiff's goodwill with total disregard for Plaintiff's trademark rights.

22. Defendant's use of the Infringing Mark in connection with the services in the field of wildlife and pest removal services is causing irreparable harm to Plaintiff and will continue to do so unless restrained by this Court.

## COUNT ONE
## Trademark Infringement
## (15 U.S.C. § 1114(1)(a))

23. Plaintiff repeats and re-alleges the allegations in paragraphs 1-22 of this Complaint as if fully set forth herein.

24. Plaintiff is the owner of all rights and title to, and has valid protectable prior rights in, the CRITTER CONTROL Marks.

25. Plaintiff's federally registered CRITTER CONTROL Marks, and the associated goodwill in the United States and elsewhere, are of significant value.

26. Without Plaintiff's authorization or consent and, upon information and belief, having knowledge of Plaintiff's prior rights in the CRITTER CONTROL Marks, Defendant has used and continues to use the Infringing Mark continued to promote, offer for sale, and use in commerce services in the field of wildlife and pest removal, which are identical and highly related to Plaintiff's Services.

27. Upon information and belief, Defendant's conduct has caused actual confusion between Plaintiff's CRITTER CONTROL Marks and the Infringing Mark.

28. Defendant's infringing acts as alleged herein are likely to continue to cause confusion, mistake, and deception to consumers as to the affiliation, connection, or association of Defendant and Plaintiff, and as to the origin, sponsorship, or approval of Defendant's services by Plaintiff, to the damage and detriment of Plaintiff and its reputation, goodwill, and sales.

29. Upon information and belief, Defendant's wrongful conduct has been and continues to be intentional, willful, and without regard for Plaintiff's rights in the CRITTER CONTROL Marks.

30. Upon information and belief, Defendant has earned profits by virtue of the infringement of the CRITTER CONTROL Marks.

31. Plaintiff has sustained damages as a direct and proximate result of Defendant's infringement of the CRITTER CONTROL Marks in an amount to be proven at trial.

32. Plaintiff has been and will continue to be irreparably harmed by Defendant's wrongful conduct. The damage to Plaintiff includes harm to its goodwill, reputation, and market position that money cannot compensate. Plaintiff is therefore entitled to an injunction against Defendant's continuing infringement of the CRITTER CONTROL Marks. Unless enjoined, Defendant will continue the infringing conduct.

33. Plaintiff is entitled to its actual damages, Defendant's profits, and an award of costs pursuant to 15 U.S.C. § 1117(a). Further, Plaintiff is entitled to treble its actual damages and, because this is an exceptional case, Plaintiff also is entitled to reasonable attorneys' fees pursuant to 15 U.S.C. §1117(a).

### COUNT TWO
### False Designation of Origin and Unfair Competition
### (15 U.S.C. § 1125(a))

34. Plaintiff repeats and re-alleges the allegations in paragraphs 1-33 of this Complaint as if fully set forth herein.

35. Plaintiff is the owner of all rights and title to, and has valid protectable prior rights in, the CRITTER CONTROL Marks.

36. The infringing services sold and offered for sale by Defendant are of the same or similar nature as Plaintiff's Services.

37. By misappropriating and using a virtually identical trademark, Defendant has misrepresented and falsely described to the public the origin and sources of Defendant's services, and has created a likelihood of confusion among the public, the relevant consumers, and the ultimate purchasers as to both the source and sponsorship of the services.

38. Defendant's unauthorized and tortious conduct has also deprived and will continue to deprive Plaintiff of the ability to control the consumer perception of Plaintiff's Services offered in connection with Plaintiff's CRITTER CONTROL Marks, placing Plaintiff's valuable reputation and goodwill in Defendant's hands.

39. Defendant's unlawful and unauthorized distribution, promotion, offer for sale, and sale of infringing services creates express and implied misrepresentations that the infringing services were authorized, approved, or sponsored by Plaintiff, all to Defendant's profit and Plaintiff's damage and injury.

40. By engaging in the aforesaid acts, Defendant is unfairly competing with Plaintiff.

41. Upon information and belief, Defendant's wrongful conduct has been and continues to be intentional, willful, and without regard for Plaintiff's rights in the CRITTER CONTROL Marks, as described above.

42. Upon information and belief, Defendant has gained profits by virtue of its infringement of the CRITTER CONTROL Marks.

43. Plaintiff has sustained damages as a direct and proximate result of Defendant's infringement of the CRITTER CONTROL Marks in an amount to be proven at trial.

44. Plaintiff has been and will continue to be irreparably harmed by Defendant's wrongful conduct. The damage to Plaintiff includes harm to goodwill, reputation, and market position that money cannot compensate. Plaintiff is therefore entitled to an injunction against Defendant's continuing infringement of the CRITTER CONTROL Marks. Unless enjoined, Defendant will continue its infringing conduct.

45. Plaintiff is entitled to its actual damages, Defendant's profits, and an award of costs pursuant to 15 U.S.C. § 1117(a).

## COUNT THREE
### Unfair Competition and Palming Off Under Arizona Common Law

46. Plaintiff repeats and re-alleges the allegations in paragraphs 1-45 of this Complaint as if fully set forth herein.

47. Plaintiff is the owner of all rights and title to, and has valid protectable prior rights in, the CRITTER CONTROL Marks.

48. Consumers recognize Plaintiff's CRITTER CONTROL Marks as a source indicator for Plaintiff's Services.

49. Defendant has used and continues to use a nearly identical mark to Plaintiff's CRITTER CONTROL Marks without authorization.

50. Defendant's use is likely to confuse the public either by allowing the public to believe that Defendant's services are provided by, endorsed by, or otherwise affiliated with Plaintiff.

51. By using a confusingly similar mark to Plaintiff's CRITTER CONTROL Marks, Defendant is deceiving the consuming public into buying services that are different than and, upon information and belief, a lower quality than, Plaintiff's Services.

52. Defendant's past and continued use of a confusingly similar mark to Plaintiff's CRITTER CONTROL Marks damages Plaintiff by having its trade diverted to Defendant.

53. Plaintiff has sustained damages as a direct and proximate result of Defendant's actions in amount to be proven at trial.

54. Plaintiff has been and will continue to be irreparably harmed by Defendant's wrongful conduct. The damage to Plaintiff includes harm to goodwill, reputation, and market position that money cannot adequately compensate. Therefore, Plaintiff is entitled to an injunction against Defendant's continuing use of the CRITTER CONTROL Marks. Unless enjoined, Defendant will continue its wrongful conduct.

**COUNT FOUR**
**Violation of the Arizona Consumer Fraud Act**
**(A.R.S. § 44-1521 *et seq.*)**

55. Plaintiff repeats and re-alleges the allegations in paragraphs 1-54 of this Complaint as if fully set forth herein.

56. The acts of Defendant described herein constitute violations of the Arizona Consumer Fraud Act, A.R.S. § 44-1521 *et. seq.*

57. Defendant has used the Infringing Mark in a manner to misrepresent the source of Defendant's services and to deceive consumers into believing an affiliation, connection, or association existed between Defendant and Plaintiff or that Plaintiff authorized, approved, or sponsored the services offered by Defendant, when that is not the case.

58. Defendant has used the Infringing Mark and misrepresented itself to consumers through social media and other online outlets, including but not limited to Facebook.com, on its pest control license, and on a personal or business vehicle that displays the Infringing Mark.

59. Defendant has intentionally used the Infringing Mark to induce consumers into believing an affiliation, connection, or association existed between Defendant and Plaintiff or that Plaintiff authorized, approved, or sponsored the services offered by Defendant, when that is not the case.

60. Defendant has ignored all attempts by Plaintiff to resolve this matter, and Defendant's continued use of the Infringing Mark despite Plaintiff's contacts demonstrate Defendant's malicious intention and reckless indifference to the trademark rights of Plaintiff.

61. Consumers have relied upon Defendant's misrepresentations as to the source of its services and have engaged Defendant to provide services under the mistaken belief that that an affiliation, connection, or association existed between Defendant and Plaintiff or that Plaintiff authorized, approved, or sponsored the services offered by Defendant, when that is not the case.

62. Consumers have been deceived by Defendant's unauthorized use of the Infringing Mark and misrepresentations as to the source of its services as evidenced by consumer complaints about Defendant's services erroneously directed to Plaintiff's franchisee located in Yavapai County.

63. Plaintiff has sustained damages as a direct and proximate result of Defendant's actions in amount to be proven at trial.

64. Plaintiff has been and will continue to be irreparably harmed by Defendant's wrongful conduct. The damage to Plaintiff includes harm to goodwill, reputation, and market position that money cannot adequately compensate. Therefore, Plaintiff is entitled to an injunction against Defendant's continuing use of the Infringing Mark. Unless enjoined, Defendant will continue its wrongful conduct.

65. Defendant's refusal to respond to Plaintiff's attempted contacts further demonstrates Defendant's wanton conduct and reckless indifference to the trademark rights of Plaintiff, and punitive damages are therefore also appropriate.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff hereby respectfully requests that this Court:

A. Enter an injunction enjoining Defendant, its officers, directors, employees, agents, licensees, subsidiaries and affiliated companies, successors and assigns, and any and all persons in active concert or participation with any of them, from:

  1. Any unauthorized use of the CRITTER CONTROL Marks, including without limitation the Infringing Mark and any colorable imitation or confusingly similar variation of the CRITTER CONTROL Marks, in connection with the promotion, advertising, performance, or sale of competitive or related services by Defendant;

  2. Engaging in any conduct suggesting or tending to suggest that any service promoted, advertised, performed, or offered for sale by Defendant originates from or is directly or indirectly sponsored by, approved by, affiliated with, or connected to Plaintiff; and

  3. Conveying the impression to the public through displays, advertising, packaging or otherwise that any service offered by Defendant originates from or is directly or indirectly sponsored by, approved by, affiliated with, or connected to Plaintiff;

 B. Award Plaintiff its actual damages and Defendant's profits from Defendant's wrongful acts;

 C. Award Plaintiff its costs of suit and reasonable attorneys' fees;

 D. Award Plaintiff treble damages and an enhancement of Defendant's profits pursuant to 15 U.S.C. § 1117(a);

 E. Award Plaintiff punitive damages, pursuant to Arizona state law;

 F. Award any other legal or equitable remedies to which Plaintiff may be entitled, including all remedies provided for in 15 U.S.C. § 1117(a) and Arizona state, and under any other Arizona state statutory or common law;

 G. Award Plaintiff interest and post-judgment interest; and

 H. Award such other and further relief as this Court deems just and proper.

DATED this 12th day of May, 2021.

        LEWIS ROCA ROTHGERBER CHRISTIE LLP

        By: */s/ David A. Jackson*
         David A. Jackson

        And

ARNALL GOLDEN GREGORY LLP

Scott E. Taylor (Pro Hac Vice App. Forthcoming)
J. Tucker Barr (Pro Hac Vice App. Forthcoming)
Becki C. Lee (Pro Hac Vice App. Forthcoming)

*Attorneys for Plaintiff Critter Control, Inc.*